UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

November 30, 2010

Victoria R. Robinson, Esq.
Legal Aid Bureau
500 East Lexington Street
Baltimore, MD  21201

Allen F. Loucks, AUSA
36 South Charles Street
4th Floor
Baltimore, MD  21201

**Re: Howard Shavers Jr. v. Michael J. Astrue, Commissioner of Social Security, PWG-09-2140**

Dear Counsel:

Pending before the undersigned, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Mr. Shavers' claim for Supplemental Security Income ("SSI"). (Paper Nos. 9,15,16). The Plaintiff also filed a response to Defendant's Motion (Paper No. 17).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  A hearing is unnecessary. Local Rule 105.6.  For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Mr. Shavers ("Claimant") applied for SSI on September 23, 2003, alleging that he was disabled as of October 24, 2002, due to hepatitis C, degenerative joint disease, arthritis and back and leg pain.(Tr. 13, 52, 59). His claim was denied initially, and upon reconsideration. (Tr. 31-37).  After a hearing held on February 5, 2007, before Administrative Law Judge J. Robert Brown ("ALJ") his claim was denied in a decision dated September 22, 2007.  The ALJ found that Claimant had not engaged in substantial gainful activity ("SGA") since the date of his application. The ALJ next determined that although he had the medically

1

determinable impairments of hepatitis C and degenerative joint disease/osteoarthritis, these impairments did not significantly limit his ability to perform basic work activity and therefore were not "severe" impairments as defined in the Regulations. (Tr. 15). Accordingly, the ALJ found that he was not disabled. (Tr. 16). On June 26, 2009, the Appeals Council denied Mr. Shavers' request for review, making his case ready for judicial review. (Tr. 4-7).

Claimant raises a number of arguments in support of his contention that the Commissioner's final decision should be reversed or, in the alternative, remanded. The undersigned has considered all of the arguments and for the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Claimant's chief contention is that the ALJ improperly rejected the opinions of his treating physicians, and failed to properly consider the affects of all his alleged "severe" impairments.

First, to be "severe", an impairment must significantly limit one's ability to do basic work activities. 20 C.F.R. §404.1521(a). An impairment is not severe if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the his or her ability to work, irrespective of age, education, or work experience. *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984). Further, the claimant bears the burden of production and proof during the first four steps of the inquiry. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). In this case, as explained below, I find that Claimant failed to meet his burden.

With respect to the treating physician's reports, Dr. Hollis Seurnarine's May 2002, October 2003 and March 2005 reports, all of which appear to be signed by Dr. Lwin[1], I find the ALJ considered and adequately explained why he was according these reports "limited" weight. (Tr. 15-16, 100-109).

A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. *See Craig* v. *Chater* 76 F.3d 585 (4th Cir. 1996); *see also* 20 CFR

---

[1] Dr. Lwin is a physician at Jai Medical Center where Claimant was treated on several occasions. (Tr. 98-143).

2

§416.927(d)(2). While treating source opinions on issues reserved to the Commissioner--such as determining a claimant's RFC--are not entitled to controlling weight, the ALJ still must evaluate all of the evidence in the case record to determine the extent to which the opinion is supported by the record. In this case, I find that the ALJ fulfilled this duty. Contrary to Claimant's argument, the ALJ adequately discussed Dr. Seunarine's opinions in his decision. The ALJ specifically addressed these opinions and in rejecting them noted the doctor's own findings that there were normal ranges of motion, the x-ray that showed only mild osteoarthritis and degenerative joint disease, as well as Claimant's own statements regarding his activities. (Tr. 15, 100). The ALJ also found that Dr. Suernaine's opinions regarding Claimant's physical limitations were contradicted by the state agency consultative examiners' reports. (Tr. Id).

SSR 96-6p provides that an ALJ may afford great weight to non-examining state agency physicians' opinions.[2] The ALJ adequately discussed the reasons for affording the State Agency physicians' opinions significant weight. After review of the entire record I find the ALJ's decision is supported by substantial evidence. For example, Dr. Marcia Wolf, a state agency consultative examining physician, stated that Mr. Shavers' gait was normal, his range of motion was full throughout his extremities, and his muscle tone and sensation were both normal. Dr. Wolf also stated that Claimant appears to be functionally independent with activities of daily living, mobility and weight bearing and is able to handle large and small objects. (Tr. 93-94). The ALJ also discussed the report from Dr. Howard Cohen, a state agency physician who examined Mr. Shavers on January 23, 2006. Dr. Cohen stated there were "no functional impairments" and that Claimant was able to tandem walk, walk on his heels and toes, bend, and dress and undress himself and his hand grip was normal. (Tr. 144-145). In sum, all of this evidence was properly considered by the ALJ and I find the ALJ's findings are explained adequately and are supported by substantial evidence.

---

[2] SSR 96-6p, in relevant part, states:*3 In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists **may be entitled to greater weight than the opinions of treating or** examining sources. SSR 96-6P, 1996 WL 374180 at *2*3(S.S.A.)(emphasis added).

Thus, for the reasons given, this Court DENIES Mr. Shavers' Motion and GRANTS the Commissioner's Motion for Summary Judgment. A separate Order shall issue.

Sincerely,

/s/

11/30/10 Paul W. Grimm
United States Magistrate Judge